■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT ASCENSCIO, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 4, 1978, convicting defendant following a plea of guilty to robbery in the first degree and sentencing him to an indeterminate term of imprisonment of from 5 to 15 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to an indeterminate term not to exceed seven years and, as so modified, affirmed. We find that the sentence imposed was excessive to the extent indicated. Concur—Kupferman, J. P., Sandler, Bloom, Lupiano and Ross, JJ.

■ PRESTIGE FABRICS, INC., Respondent, v NOVIK & Co., INC., Appellant.—Judgment, Supreme Court, New York County, entered July 5, 1978, awarding plaintiff $26,729.44, after a hearing, unanimously reversed, on the law, without costs, and matter remanded for a new trial on the issue of damages. This court (60 AD2d 517, 518), stated as follows: "The last item of damages claimed was for the loss of an order of 75,000 yards which Prestige was unable to deliver. The lost profit claimed was $22,412.53. It is to ascertain the damages regarding this last item that we are remanding for a further hearing." The parties differed in their interpretation of the above-quoted language and, rather than moving in this court for clarification or other relief, they participated in a hearing in which the trial court improperly curtailed defendant's attempt to establish that plaintiff's damages were minimal or even nonexistent. Such error was based on a misinterpretation of our memorandum decision. In the course of the truncated hearing one of the problems alluded to by this court (60 AD2d 517, 518), was resolved when, upon the laying of a proper foundation, the court properly admitted into evidence the cancellation letter of August 1, 1975, from Perfect Fit to plaintiff. Having allowed the introduction of this evidence, the court should have gone on to permit a full and complete trial on the issue of damages relating to plaintiff's purported loss of profits resulting from its loss of an opportunity to sell goods to another because of defendant's failure to deliver. It is for this purpose that we are once again remanding this matter to Trial Term. Concur—Kupferman, J. P., Sandler, Bloom, Lupiano and Ross, JJ.